# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | * |
| | * |
| **NARVER LEE YATES, JR.,** | * |
| aka PIRATE, aka PIRU, | * |
| aka MR. PRICHARD, | * |
| aka LITTLE UGLY, | * |
| **FERNANDO LAMAS BROWN,** | * |
| aka LANDO, aka JOE, | *  Criminal No. 22-00178-TFM |
| **SHERMAN FITZGERALD TATE,** | * |
| aka POP, aka SHOW, | * |
| **MARVIN TERRELL McCAINE,** | * |
| aka MILT, aka MILK, | * |
| aka BUTTER, | * |
| **FREDERICK DEANDRE WEST,** | * |
| aka SIP, | * |
| **RODERICK LEVON TAYLOR,** | * |
| aka BOSS PLAYA, aka BP, | * |
| **MORRIS ALAN MORGAN, and** | * |
| **TAMARA D. COLEMAN** | * |

## PRELIMINARY ORDER OF FORFEITURE

The matter is before the Court on the motion of the United States of America to enter a Preliminary Order of Forfeiture herein as to the above listed Defendants in order to address their interests, pursuant to 21 U.S.C. § 853(a)(1) and (a)(2), 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2) and (e), as to the following:

**One Rolex watch seized from the residence of Fernando Lamas Brown;**

**$18,420 in United States currency, more or less;**

**$7,000 in United States currency, more or less;**

**Miscellaneous jewelry, described as three necklaces, one bracelet and one Rolex watch seized from Narver Lee Yates;**

1

> **One 2015 Cadillac Escalade, VIN 1GYS3MKJ2FR744050;**
>
> **One 2016 International Prostar Semi-Truck, VIN 3HSDJAPR-GN173809;**
>
> **One 2019 Mercedes GLA 250, VIN WDCTG4EB2KU010061; and**
>
> **One 2019 Toyota Camry VIN 4T1B11HK3KU220354.**

The United States' motion is supported as to this property by the guilty pleas of the above listed Defendants, their plea agreements and factual resumes, and the declarations under penalty of perjury of Homeland Security Investigations Special Agent Jamal Dozier and Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Wade Vittitow, which are attached to the motion as Exhibits 1 and 2. As to Defendant Coleman, the Court heard testimony in her trial supporting the United States' motion, including recorded phone calls among the conspirators, the jewelry appraisals, and the testimony of Government witnesses. The Court **FINDS** that the United States has established by a preponderance of the evidence that the above identified properties constitutes proceeds of or are traceable to proceeds of the Defendants' participation in the conspiracy to possess with intent to distribute cocaine as charged in Count One of the Superseding Indictment, or are properties which facilitated the conspiracy to possess with intent to distribute cocaine as charged in Count One of the Superseding Indictment; accordingly, the above identified property constitutes property that is subject to forfeiture within the meaning of Rule 32.2(b)(1)(A) and/or (e)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853.

Based upon the Superseding Indictment, the defendants' guilty pleas, their written plea agreements and factual resumes, the Declarations of Agent Dozier and Agent Vittitow, and the evidence supporting the conviction of Defendant Coleman admitted during her trial, the United

States' motion is **GRANTED**.

It is therefore **ORDERED, ADJUDGED**, and **DECREED** that:

Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982(a), Fed. R. Crim. P. 32.2(b) and (e)(1)(B), the interest of Defendants Narver Lee Yates, Fernando Lamas Brown, Marvin Terrell McCaine, Roderick Levon Taylor, Frederick Deandre West, Sherman Fitzgerald Tate, Morris Alan Morgan, and Tamara D. Coleman, in the property identified as follows is hereby condemned and forfeited to the United States for disposition according to law:

**One Rolex watch seized from the residence of Fernando Lamas Brown;**

**$18,420 in United States currency, more or less;**

**$7,000 in United States currency, more or less;**

**Miscellaneous Jewelry, described as three necklaces, one bracelet and one Rolex watch seized from Narver Lee Yates;**

**One 2015 Cadillac Escalade, VIN 1GYS3MKJ2FR744050;**

**One 2016 International Prostar Semi-Truck, VIN 3HSDJAPR-GN173809;**

**One 2019 Mercedes GLA 250, VIN WDCTG4EB2KU010061;**

**One 2019 Toyota Camry VIN 4T1B11HK3KU220354.**

AND WHEREAS, by virtue of said guilty pleas, plea agreements, factual resumes, and declarations under penalty of perjury, the United States is now entitled to reduce the said property to its possession and notify any and all potential third parties who have or may have an interest in the forfeited property, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b).

NOW THEREFORE, IT IS HEREBY **ORDERED, ADJUDGED** and **DECREED**:

That based on the foregoing and Fed. R. Crim. P. 32.2(b) and (e), the above-described property is hereby forfeited to and vested in the United States of America for disposition in accordance with law, subject to the provisions of Title 21, United States Code, Section 853(n).

That the aforementioned property is authorized to be held by Homeland Security Investigations or other authorized federal agency in their secure custody and control and to dispose of it in accordance with law.

Pursuant to 21 U.S.C. § 853(n)(1) and the Attorney General's authority to determine the manner of publication of an order of forfeiture in a criminal case, the United States shall publish notice of this Order on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days.

In accordance with Section 853(n)(1)-(3), the notice shall accomplish at least the following:

- provide notice of the entry of this order;
- declare the United States' intent to dispose of the property in such manner as the Attorney General may direct; explain that any person, other than the defendant, having or claiming a legal interest in any of the above-described forfeited property must file a petition with the Court within 60 days of the first date of publication of notice (which date shall be set forth in the notice);
- provide the Clerk's address for filing of the petition;
- explain that the petition shall be signed by the petitioner under penalty of perjury; and

- explain that the petition shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioners' acquisition of the right, title, or interest, and any additional facts supporting the petitioner's claim and the relief sought.

Pursuant to Fed. R. Crim. P. 32.2(b)(6)(A), the United States must also send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

Pursuant to 21 U.S.C. § 853(n)(1), the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture, as a substitute for published notice as to those persons so notified.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), discovery may be conducted prior to a hearing on a petition in accordance with the Federal Rules of Civil Procedure, upon showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the above-described vehicles following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions. Pursuant to Fed. R. Crim. P. 32.2(c)(2), if no third party files a timely petition this Order becomes the final order of forfeiture, and the United States shall file a motion requesting that this Order become the final order of forfeiture.

Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this preliminary order of forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and judgment.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**DONE** and **ORDERED** this 26th day of June, 2023.

/s/Terry F. Moorer
**HON. TERRY F. MOORER**
**UNITED STATES DISTRICT JUDGE**